IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIO COOPER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII DEPARTMENT OF TAXATION, et al.,<br><br>　　　　Defendants. | CIV. NO. 18-00284 JAO-RT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO ENFORCE SETTLEMENT |

FINDINGS AND RECOMMENDATIONS TO GRANT
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Defendants' Motion to Enforce Settlement ("Motion") (ECF No. 109) came on for hearing on August 15, 2019 at 9:30 a.m. before the Honorable Judge Rom A. Trader. Plaintiff Mario Cooper, pro se ("Plaintiff"), appeared on behalf of himself by phone. Jeffrey A. Keating, Deputy Attorney General, appeared on behalf of the Defendants, State of Hawaii, Department of Taxation, et al. ("Defendants"). The Court will enter its disposition through findings and recommendations pursuant to Rule 72 of the Federal Rules of Civil Procedure.

The Court, having carefully considered the written submissions of the parties, the parties' declarations and exhibits, the argument of counsel, the records and files in this case, and the applicable law, FINDS and RECOMMENDS that

Defendants' Motion be GRANTED for the reasons stated on the record and as stated below.

## RELEVANT FACTS

On June 25, 2019, the Court held a settlement conference in this matter. This Court facilitated settlement discussions, which led to the resolution of this case. On that same day, Plaintiff and Defendants' counsel came into open court and stated on the record that they had agreed to settle this case. The material terms of the settlement were placed on the record.

The terms of the settlement were that in exchange for general damages of $80,000.00, Defendant agreed to a non-disparagement provision in that the Department of Tax and the Department of Human Resources would respond to inquiries about Plaintiff's prior employment with the Department of Taxation in a neutral manner. Motion, Exhibit B, p. 2, ¶¶ 19-25. Defendants were permitted to release neutral, factual information verifying Plaintiff's employment and neutral, factual information of the type generally reported. Id. at p. 3, ¶¶ 1-10. However, Defendants may not suggest or confirm in any way that Plaintiff was terminated. Id.

Plaintiff further agreed that he would be precluded from reapplying for employment with the Department of Taxation or the Department of Human Resources, but was not precluded from applying for other positions with the state government or elsewhere. Id. at p. 3, ¶¶ 7-15. Plaintiff agreed to dismiss any and

all related cases that stem from Plaintiff's employment at the Department of Taxation, except for Plaintiff's ongoing worker's compensation case. Id. at p. 3, ¶¶ 16-21. Such cases included but are not limited to Plaintiff's pending state case in circuit court, cases pending before the Hawaii Labor Relations Board, and Plaintiff's grievance/arbitration case. Id. at p. 3, ¶¶ 22-25. The parties agreed to bear their own attorneys' fees and costs. Id. at p. 4, ¶¶ 3-5. However, the parties agreed that the Court would retain jurisdiction for the limited purpose of resolving any disputes relating to the enforcement of the settlement. Id. at p. 4, ¶¶ 4-8.

This Court specifically asked Plaintiff whether these terms "accurately state the material terms of the settlement" and are "satisfactory to [his] understanding of what the terms are." Id. at p. 4, ¶¶ 9-12; ¶¶ 19-24. Plaintiff responded, "Yes, they are." Id. at ¶ 25. Upon explaining the next steps after execution of the settlement agreement, this Court again inquired whether Plaintiff understood all the terms of the settlement agreement. Id. at p. 5, ¶¶ 10-11. Plaintiff responded, "Yes, I have." Id. at ¶ 12. The Court further asked if the material terms agreed upon was Plaintiff's "full and complete understanding of the terms," to which Plaintiff responded, "Yes." Id. at ¶¶ 13-16. The Court then asked the parties if they "consent or agree to resolve this case and the other cases consistent with those terms," and Plaintiff responded, "I agree." Id. at ¶¶ 17-20.

The Court set July 25, 2019 as the deadline for the parties to submit their stipulated dismissal of this action. Defendants prepared the settlement documents

memorializing the agreement.  However, Plaintiff later refused to sign the draft settlement agreement.  Defendants filed their Motion on July 10, 2019.  On July 19, 2019, Plaintiff filed his Opposition to Defendants' Motion to Enforce the Settlement Agreement ("Opposition") arguing that (1) the proposed settlement does not reflect a reasonable compromise of Plaintiff's Fair Labor Standards Act ("FLSA") claim, and no bona fide dispute exists in this case; (2) the release is unenforceable on public policy grounds; (3) no stipulation exists because Plaintiff objects to the proposed release; and (4) Defendants did not have proper settlement authority.  ECF No. 112.  The Defendants filed their Reply on July 23, 2019.  ECF No. 113.

## DISCUSSION

I.     The Oral Agreement on Record is a Binding Settlement Agreement

"'[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'"  In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted).

"The motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract."  Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989) (citations omitted).  "In order to be enforceable, a settlement agreement must have the traditional elements of a contract: offer, acceptance, consideration, and parties who have the capacity and authority to enter into the

agreement." Kaiaokamalie v. Matson Terminals, Inc., Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016); Amantiad v. Odum, 90 Hawaiʻi 152, 162, 977 P.2d 160, 170 (1999) (citation omitted).

The settlement in this case included all the elements of a contract: offer and acceptance, consideration, and parties who had the capacity and authority to enter into the settlement. The material terms of the settlement were clear and were unequivocally placed on the record. The Defendants agreed to pay Plaintiff $80,000.00. Motion, Exhibit B, p. 5, ¶¶ 1-5. In turn, the Plaintiff agreed to dismiss any and all related cases that stem from Plaintiff's employment at the Department of Taxation, with the exception of Plaintiff's worker's compensation case. Id. at p. 3, ¶¶ 16-21. This dismissal was agreed to be with prejudice. The record is clear that both parties had a full and complete understanding of the material terms of the settlement and agreed to those terms.

The Court gave Plaintiff opportunities to correct, clarify, explain or question the agreement during the hearing after the material terms of the agreement was stated on the record. Plaintiff acknowledged his understanding of the material terms on the record and did not seek to address any of the points he now makes in his Opposition. Id. at p. 4, ¶¶ 22-25. The only question Plaintiff asked was about the date of the stipulation. Id. at p. 6, ¶¶ 18-19. Otherwise, Plaintiff did not question the Court's finding of a binding settlement.

The parties' capacity to enter into the contract has not been disputed, and the Court cannot find that any of the parties lacked the requisite capacity. Further, all parties present had authority to enter into the agreement. As stated on the record, Plaintiff is a pro se litigant and represented himself. As such, Plaintiff had authority to enter into the agreement. Defendants had authority to enter into the agreement as the Court personally confirmed settlement authority with the Director of the Department of Taxation. Moreover, Plaintiff's argument regarding the lack of written consent is not fatal to the finding of a binding settlement agreement. See Cook v. Sur. Life Ins., Co., 79 Hawai'i 403, 411, 903 P.2d 708, 716 (Ct. App. 1995), as amended (Aug. 30, 1995) ("a settlement will be treated as binding even in the absence of the express written consent of the client where the client ratifies the settlement").

The record reflects that there was a complete settlement agreement as all material terms existed and the parties intended to bind themselves. "'[I]t is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record.'" Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting Sargent v. HHS, 229 F.3d 1088, 1090 (Fed. Cir. 2000)). Plaintiff made a binding statement in open court. An evidentiary hearing determining whether an agreement existed was not necessary because the parties made representations to the Court that an agreement had been reached, and the Plaintiff dispelled any question regarding his agreement in open court. As such,

the settlement placed on the record is binding even though Plaintiff now refuses to sign the settlement agreement. See Doi, 276 F.3d at 1140 (a binding settlement agreement was made in open court when the parties stated the material terms of the settlement on the record, and the parties dispelled any questions regarding whether an agreement existed in open court); Credit Associates of Maui, Ltd., Carlbom, 98 Hawaiʻi 462, 468-69, 50 P.3d 431, 437-38 (Ct. App. 2002) ("parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated . . . ").

"[W]here the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission." Kaiaokamalie v. Matson Terminals, Inc., Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (citing Miller v. Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991)). "Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." Id. The settlement agreement in this case cannot be set aside. Plaintiff has not asserted bad faith or fraud, and there is no evidence on the record or during settlement negotiations that would support such a finding. Accordingly, the Court FINDS that the parties are bound by the settlement agreement.

II.   The Settlement of Plaintiff's FLSA Claim was a Fair and Reasonable Resolution of a Bona Fide Dispute

"In reviewing FLSA settlements, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. U.S.A. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1354-55 (11th Cir. 1982); Pelayo v. Platinum Limousine Servs., Inc., Civ. No. 15-00023 DKW-KJM, 2016 WL 7734557, at *4 (D. Haw. June 6, 2016), report and recommendation adopted in part, Civ. No. 15-00023 DKW-KJM, 2016 WL 5402185 (D. Haw. Sept. 27, 2016) (citation omitted). "A bona fide dispute exists when there are legitimate questions about the existence and extent of [a] Defendant[s'] FLSA liability." Pelayo, 2016 WL 7734557, at *4 (citation omitted). In this case, there were legitimate questions about the existence and extent of Defendants' FLSA liability. Thus, the Court FINDS that a bona fide dispute existed. Cf. id. (citing Selk v. Pioneers Mem'l Healthcare Distr., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (a bona fide dispute does not exist when there is no question that the FLSA entitles plaintiffs to compensation).

"In determining the reasonableness of a[n] FLSA settlement, the court should consider whether the proposed settlement reflects a reasonable compromise over the contested issues." Pelayo, 2016 WL 7734557, at *4. The Court evaluated the strength of Plaintiff's case based on the following factors: "the risk, expense,

8

complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the plaintiffs to the proposed settlement." Kaiaokamalie v. Matson Terminals, Inc., Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *6 (D. Haw. Dec. 29, 2016) (citing Almodova v. City & Cty. of Honolulu, Civ. No. 10-00355 LEK-RLP, 2012 WL 3255140, at *3 (D. Haw. Aug. 8, 2012); and Lynn's Food Stores, Inc., 679 F.2d at 1353).

Additionally, the Court considered the substantial impact of the District Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Cross-Motions for Partial Summary Judgment, filed June 20, 2019. ECF No. 105. This order effectively eliminated 15 of the 20 claims in Plaintiff's Amended Complaint, filed November 2, 2018. ECF No. 36. As a result, Plaintiff's only remaining claims were those set forth in Counts 11, 15, 17, 19 and 20. Of these, however, the Court ordered the parties to file supplemental briefs as to Count 15. ECF No. 105 at p. 34. Thus, uncertainty remained as to whether Count 15 would survive summary judgment.

The likelihood of prolonged litigation weighs in favor of settlement. Plaintiff's position in this case was inconsistent. The strengths of Plaintiff's claims were not clear cut. The parties had engaged in a fair amount of discovery and information was exchanged. In addition, the amount offered by the Defendants was a substantial sum given the facts of this case and included back wages. See

Lynn's Food Stores, Inc., 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of adversarial context"). "A party's subsequent 'change of heart' will not frustrate the enforceability of a settlement agreement nor the fact that it remains binding upon the agreeing parties." Miller v. Goko Rest. Enterprises, Civ. No. 11-00671 JMS-BMK, 2013 WL 1568516, at *4 (D. Haw. Mar. 20, 2013), report and recommendation adopted, Civ. No. 11-00671 JMS-BMK, 2013 WL 1568406 (D. Haw. Apr. 12, 2013) (citing Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002)). Accordingly, the Court FINDS that there was a fair and reasonable compromise.

//

//

//

//

//

//

//

//

//

# CONCLUSION

On June 25, 2019, the parties had entered into a binding settlement agreement, which was unequivocally agreed upon and placed on the record. The oral agreement placed on the record contained all material and essential terms. In addition, the settlement agreement adequately addressed Plaintiff's FLSA claim. A bona fide dispute existed, and the settlement was a fair and reasonable resolution of the Plaintiff's FLSA claim. Accordingly, the Court FINDS and RECOMMENDS that Defendants' Motion to Enforce Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 25, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

Civ. No. 18-284 JAO-RT; *Cooper v. State of Hawaii, Department of Human Resources Development, et al.*; Findings and Recommendations to Grant Defendants' Motion to Enforce Settlement