UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| MARIO COOPER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII DEPARTMENT OF TAXATION, et al.,<br><br>　　　　Defendants. | CIVIL NO. 18-00284 JAO-RT<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO ENFORCE SETTLEMENT |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO ENFORCE SETTLEMENT**

On September 25, 2019, Magistrate Judge Rom Trader issued a Findings and Recommendations to Grant Defendants' Motion to Enforce Settlement ("F&R"). ECF No. 126. Plaintiff Mario Cooper ("Plaintiff") filed Objections to the Magistrate Judge's Findings and Recommendations ("Objections") on October 4, 2019. ECF No. 127. For the reasons set forth below, the Court OVERRULES the Objections and ADOPTS the F&R.

## BACKGROUND

On June 25, 2019, Magistrate Judge Trader held a settlement conference, at which the parties reached a settlement that they placed on the record. ECF No. 107. During the settlement on the record, Magistrate Judge Trader stated the following material terms: (1) an $80,000 payment to Plaintiff; (2) a non-disparagement provision, which would require the Department of Taxation and Department of Human Resources to respond in a neutral manner to any inquiries concerning Plaintiff's prior employment with the Department of Taxation, and prohibit any suggestion or confirmation Plaintiff's termination; (3) Plaintiff's preclusion from reapplying for employment with the Department of Taxation or Department of Human Resources but not other positions in state government or elsewhere; (4) dismissal of this and all related cases, with the exception of Plaintiff's worker's compensation case; (5) each party to bear its own fees and costs. ECF No. 111 at 2-4. Magistrate Judge Trader also explained that he planned to retain jurisdiction for the limited purpose of resolving any disputes relating to the enforcement of the settlement. *Id.* at 4:4-8.

Both Plaintiff and defense counsel assented to these terms. *Id.* at 4-5. When Magistrate Judge Trader asked Plaintiff if the terms were satisfactory to him, Plaintiff responded in the affirmative. *Id.* at 4:22-25. In a subsequent inquiry,

Magistrate Judge Trader confirmed that Plaintiff understood and was agreeable to the settlement terms:

> THE COURT: Okay. Now, with that, Mr. Cooper, have you understood all of the terms that the Court just stated?
>
> MR. COOPER: Yes, I have.
>
> THE COURT: And is that your full and complete understanding of the terms that you have agreed to in exchange for resolution of this case and the other related cases, sir?
>
> MR. COOPER: Yes.
>
> THE COURT: All right. And do you consent or agree to resolve this case and the other cases consistent with those terms?
>
> MR. COOPER: I agree.

*Id.* at 5:10-20.

On July 10, 2019, Defendants filed a Motion to Enforce Settlement. ECF No. 109. Plaintiff opposed the motion on the following grounds: (1) the proposed settlement agreement does not meet the *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) standard because it is not a fair and reasonable compromise over the issue of damages; (2) he could not waive his right to backpay and liquidated damages because Defendants did not dispute that they owed him the wages; (3) an oral agreement is not a stipulated judgment under the Fair Labor Standards Act ("FLSA") and Plaintiff objects to the release; and (4) defense counsel did not have settlement authority. ECF No. 112.

Magistrate Judge Trader issued his F&R following a hearing on the motion. He determined that the parties entered into a valid and binding settlement agreement. ECF No. 126 at 5-7. He also found that the settlement of Plaintiff's FLSA claim was a fair and reasonable compromise of a bona fide dispute. *Id.* at 8-10.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises four objections to the F&R: (1) the Magistrate Judge erred by relying on confidential communications to render his F&R because federal

common law mediation privilege prevents the disclosure of confidential settlement negotiations held at a mediation; (2) the Magistrate Judge did not apply the *Rumery/Davies* test to see if the enforcement of the settlement agreement was against public policy; (3) Defendants' stated goal of avoiding further expense of risk and litigation does not survive *Davies'* strict analysis; and (4) the Magistrate Judge erred because the proposed settlement agreement omitted material terms, *i.e.,* release and nature of scope and whether the dismissal would be with or without prejudice. The Court addresses each argument in turn.

A. Legal Standard Governing Enforcement of Settlement Agreements

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Ordinarily, the "construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) (internal quotations omitted). Hawai'i contract law principles therefore apply. *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001).

"Under Hawaii law, '[w]here the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission.'" *Edwards v. Trade Pub. Ltd.*, CIV. 12–

00023 SOM, 2013 WL 1296277, at *3 (D. Haw. Mar. 27, 2013) (quoting *Miller v. Manuel*, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991)). According to the Hawaiʻi courts, absent "bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Id.* (quoting *Miller*, 9 Haw. App. at 63, 828 P.2d at 291) (internal quotations omitted).

B. <u>Reliance on Confidential Communications</u>

Plaintiff argues that pursuant to Local Rule 88.1(j),[1] Magistrate Judge Trader erred by relying on confidential communications to render his F&R. ECF No. 127 at 3. Plaintiff's reliance on Local Rule 88.1(j) is misplaced. Local Rule 88.1 applies when parties agree to submit a civil action to mediation. This action was not submitted to mediation, nor was settlement achieved through independent mediation.

---

[1] Local Rule 88.1(j) provides:

> Except as otherwise provided by this rule and/or applicable law, all communications made in connection with any mediation under this rule shall be absolutely protected from disclosure for use in trial or for any other purpose, including a motion to enforce settlement.
>
> Mediators and parties shall not communicate with the court about the substance of any position, offer, or other matter related to mediation without the consent of all parties, unless such disclosure is required to adjudicate a dispute over mediator fees, or to provide evidence in an attorney disciplinary proceeding, but only to the extent required to accomplish that purpose.

Local Rule 88.1(j).

Even if Local Rule 88.1(j) applied, Magistrate Judge Trader did not disclose information that would constitute a violation. He conducted settlement discussions in this case as part of the litigation process. Although he has firsthand knowledge of the settlement discussions and is best equipped to ascertain whether the parties achieved a valid and enforceable settlement, his F&R did not disclose any communications that occurred off-the-record during the settlement process. Indeed, Magistrate Judge Trader relied on the parties' representations at the settlement on the record in determining that the parties entered into a binding settlement. Because the essential terms of the settlement are not confidential, Magistrate Judge Trader did not err in incorporating those terms, as well as the parties' representations at the settlement on the record, in the F&R.

C. Failure to Engage in the *Rumery/Davies* Test

Plaintiff next argues, in his "Objection 2" heading, that Magistrate Judge Trader did not apply *Town of Newton v. Rumery*, 480 U.S. 386 (1987), and *Davies v. Grossmont Union High School District*, 930 F.2d 1390 (9th Cir. 1991), to determine if the settlement was against public policy. ECF No. 127 at 3. Because Plaintiff did not raise this argument before Magistrate Judge Trader and Magistrate Judge Trader did not have an opportunity to address it, Plaintiff's contention that Magistrate Judge Trader erred in neglecting to apply the test articulated in *Davies* and *Rumery* is without merit. Putting aside the fact that Plaintiff is raising this

7

argument for the first time, the crux of his second objection is that the settlement should not be enforced because he has a right to privacy in the doctor-patient relationship and that right is a substantial one affecting public policy. ECF No. 127 at 3-4.

The *Davies*/*Rumery* test is a federal common law test under which "a promise [will be found] unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement." *United States v. Northrop Corp.*, 59 F.3d 953, 958 (9th Cir. 1995) (quoting *Davies*, 930 F.2d at 1396; *Rumery*, 480 U.S. at 392) (quotations omitted) (alteration in original). Plaintiff's conclusory assertion that the settlement implicates the right to privacy in the doctor-patient relationship is unfounded. Here, Plaintiff's right to privacy in the doctor-patient relationship has no bearing on whether he assented to the settlement terms and/or whether the parties entered into an agreement. Based on the settlement terms agreed to in open Court, the settlement did not compromise his right to privacy in the doctor-patient relationship, as he was neither forced to relinquish that right, nor did the settled claims—Counts 11 (termination against public policy under Hawaii Revised Statutes § 76-46), 15 (substantive due process violations under § 1983), 17 (failure to pay wages under the FLSA), 19 (bad faith tort claim for failure to properly investigate and pay workers' compensation benefits), and 20 (tortious interference

of contract claim with employment and workers' compensation benefits)—concern that right. Accordingly, Magistrate Judge Trader did not err.

D. <u>Avoiding Further Expense and Risk of Litigation as Goal of Settlement</u>

Again relying on *Davies*, Plaintiff argues that Defendants must have a legitimate reasons for including the waiver in the agreement before they can require Plaintiff to surrender Constitutional rights. ECF No. 127 at 4. Plaintiff also argues that Davies requires Defendants to settle all claims, not parse out his workers' compensation claims. *Id.* at 5. For the reasons articulated in the previous section, this objection fails. The settlement does not require Plaintiff to surrender Constitutional rights. Moreover, Plaintiff expressly agreed that the settlement would encompass *all* claims except his workers' compensation claims. ECF No. 111 at 3-4. His change of heart does not cause the settlement to become unenforceable under *Davies*.

E. <u>Omission of Material Terms</u>

Finally, Plaintiff contends that because the settlement on the record did not discuss a release or specify whether the dismissal would be with or without prejudice, the settlement is unenforceable. The Court disagrees. As detailed in the F&R, and as reflected in the transcript from the settlement on the record, Plaintiff heard the essential terms and, after being given an opportunity to respond, agreed to them all. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) ("Any

question as to Doi's intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said 'yeah.'"). The fact that the written memorialization of the agreement does not comport with Plaintiff's preferences does not render the settlement unenforceable. *Id.* (quoting *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994) ("An agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing.")).

That "dismissal with prejudice" was not expressly stated on the record does not undo the settlement either. It is was clear that the dismissal was intended to provide finality as to all pending claims except for Plaintiff's workers' compensation claims. Defendants would have no incentive to settle if Plaintiff could simply refile his action after receiving his payout. Therefore, the dismissal should be with prejudice and Magistrate Judge Trader did not err in recommending that the settlement be enforced. *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010) (affirming the district court's dismissal with prejudice because the defendant would suffer legal prejudice if the case was dismissed without prejudice, the settlement agreement released all claims arising out of the suit, a dismissal without prejudice would allow the plaintiff to "revoke

its promise," and the dismissal with prejudice did not contradict the settlement agreement which stated only that the plaintiff would dismiss the action).

In sum, the Court overrules Plaintiff's Objections because they do not demonstrate error by Magistrate Judge Trader, nor do they support unenforceability of the settlement. The Court accordingly ADOPTS the F&R in full.

## CONCLUSION

Based on the foregoing, the Court OVERRULES Plaintiff's Objections, ECF No. 127, and ADOPTS the Findings and Recommendations to Grant Defendants' Motion to Enforce Settlement. ECF No. 126.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 18, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 18-00284 JAO-RT; *Cooper v. State of Hawaii Dep't of Taxation, et al.*; ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO ENFORCE SETTLEMENT

11