IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIO COOPER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII DEPARTMENT OF TAXATION, et al.,<br><br>　　Defendants. | CIVIL NO. 18-00284 JAO-RT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On November 18, 2019, the Court issued an Order Overruling Plaintiff's Objections and Adopting the Magistrate Judge's Findings and Recommendations to Enforce Settlement ("Order"). ECF No. 130. Plaintiff Mario Cooper ("Plaintiff") now asks the Court to vacate its Order. ECF No. 131. This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). For the reasons articulated below, the Motion is DENIED.

DISCUSSION

Plaintiff argues that (1) because the settlement of his Fair Labor Standards Act ("FLSA") claim was not a fair and reasonable resolution of a bona fide

dispute, enforcement of the settlement contravened FLSA principles; (2) the Motion deserves special consideration because it involves substantial labor rights; and (3) the Findings and Recommendations ("F&R") did not contain language about the objection period and waiver.  None of these arguments provide a basis for reconsideration.

Local Rule 60.1 governs motions for reconsideration, which are disfavored.  Plaintiff relies on Federal Rule of Civil Procedure ("FRCP") 59(e) for the relief sought, but FRCP 59(e) governs motions to alter or amend a judgment.  *See* Fed. R. Civ. P. 59(e).  Judgment has not entered here.  FRCP 60(b) provides relief from final judgments, orders, or proceedings on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 reconsideration is generally appropriate in three instances:  (1) when there has been an intervening change of controlling law; (2)

new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.

2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Plaintiff has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the Order. Local Rule 60.1 prohibits parties from "repeat[ing] arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." Local Rule 60.1. The Motion consists of the same arguments already considered and rejected by this Court and the Magistrate Judge. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented). Plaintiff clearly disagrees with the Order and the F&R, but that cannot serve as a basis for reconsideration. Plaintiff did not even raise certain of the present arguments in his Objections to the F&R. *See Figy v. Amy's Kitchen, Inc*, No. C 13-03816-SI, 2014 WL 3362178, at *3 (N.D. Cal. July 7, 2014) (stating that a "Rule 60(b) motion cannot be used to present new arguments that could have been raised prior to the entry of judgment").

With Magistrate Judge Trader's assistance, the parties entered into a valid and binding settlement. Plaintiff's change of heart does not entitle him to a different outcome. Accordingly, the Court DENIES the Motion.

4

The Court will not entertain any further motions from Plaintiff concerning the enforceability of the settlement. The parties are ordered to submit the stipulation to dismiss by **December 9, 2019**. If they fail to do so, the Court will enter an order of dismissal.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 3, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 18-00284 JAO-RT; *Cooper v. State of Hawaii Dep't of Taxation, et al.*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

5